IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY QUINTIN KELLY, #352736     *
    Plaintiff,
  v.                                 *     CIVIL ACTION NO. RDB-17-2872

LESLIE A. SIMPSON, *Case Management*   *
  *Specialist*
    Defendant.                      *
                                     *****

## MEMORANDUM OPINION

On September 27, 2017, the Court received for filing the above-captioned Complaint filed by Anthony Kelly, an inmate housed at the North Branch Correctional Institution ("NBCI"). Kelly filed the Complaint pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages, along with declaratory relief. Kelly claims that on October 9, 2014, Defendant Simpson, a Case Management Specialist at NBCI, "slandered" Kelly by writing in a security classification instrument that Kelly be "registered as a sex offender." He acknowledges that he was convicted of two separate rape charges. Kelly complains that the state court never informed him that he would be registered as a sex offender. He contends that his reputation has been injured and Simpson has "slandered" him. ECF No. 1. Kelly's Motion for Leave to Proceed In Forma Pauperis shall be granted. His Complaint, however, shall be summarily dismissed.

Insofar as Kelly has raised an allegation of defamation, he has failed to state a claim under § 1983. The decision of the Supreme Court in *Paul v. Davis,* 424 U.S. 693 (1976) is dispositive here. In that case, the Supreme Court discussed at length the limits of a protected liberty interest and held that a plaintiff may not rely on defamatory statements as the basis for a due process claim asserted under § 1983. Harm or injury to a plaintiff's interest to his reputation does not result in the

deprivation by a state of a plaintiff's due process "liberty" or "property" interests. *Id.* at 712. In this case, it is apparent that Kelly is seeking damages and declaratory relief primarily because his reputation was allegedly damaged when he was required to register as a sexual offender. Under *Paul*, a claim of this nature may not be raised under § 1983. *See also Siegert v. Gilley*, 500 U.S. 226, 233 (1991). An action for damages to reputation "lies...in the tort of defamation, not in 42 U.S.C. § 1983." *Fleming v. Dep't of Public Safety*, 837 F.2d 401, 409 (9th Cir. 1988). The Court further finds his defamation claim to be specious at best.[1] The civil rights Complaint shall be dismissed with prejudice for the failure to state a claim.

Because Kelly's prisoner case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[2] He is hereby

---

[1] Kelly previously filed a Petition for federal habeas corpus relief in this Court. The record attached to that case shows that in October of 2002, Kelly was charged in the Circuit Court for Montgomery County with first-degree rape, first-degree assault, and use of a firearm in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433. In May of 2003, he was charged with first-degree rape and robbery with a dangerous and deadly weapon in *State v. Kelly*, Case No. 97760. Also in May of 2003, he was charged with two counts of first-degree murder, burglary, armed robbery, theft, and use of a handgun in *State v. Kelly*, Case No. 97749. At the conclusion of pre-trial hearings, on June 3, 2004, Kelly was declared incompetent to stand trial in all three cases. Approximately three years and eight months later, after conducting competency proceedings, on February 5, 2008, the Circuit Court determined that Kelly was competent and all three cases proceeded to trial.

On June 11, 2008, a jury found Kelly guilty by a jury of first-degree rape, first-degree assault, and use of a firearm in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433. On July 2, 2008, a jury found him guilty of first-degree rape in *State v. Kelly*, Case No. 97760. On August 4, 2008, a jury found Kelly guilty of first-degree murder, first-and second-degree burglary, armed robbery, theft, and various gun counts. *See State v. Kelly*, Case No. 97749. On September 8, 2008, Kelly was sentenced by Circuit Court Judge Durke Thompson in all three cases to four consecutive life sentences (two of which were imposed consecutively and without parole), plus additional twenty- and eighty-year consecutive terms. *See Kelly v. Shearin*, et al, Civil Action No. RDB-14-717 (D. Md.) at ECF No. 23.

[2] 28 U.S.C. § 1915(e)(2) states that:

2

notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[3] This constitutes the second § 1915(e) strike to be assessed against Kelly.[4] A separate order follows.

Date: October 5, 2017.

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, unless danger of imminent and serious physical harm is shown.

[4] Kelly previously filed a similar Complaint against Simpson which was summarily dismissed on identical grounds on January 13, 2017. *See Kelly v. Simpson, et al.*, Civil Action No. RDB-16-4067 (D. Md.). The United States Court of Appeals affirmed the judgment on July 10, 2017.

3